Dear Secretary-Treasurer Cofer,
The Attorney General is in receipt of your request for an opinion wherein you ask, inter alia, the following question:
Is the Oklahoma Teachers' Retirement System, as sponsor of a grouphealth insurance policy for retired teachers not yet entitled to receiveretirement benefits, compelled to comply with the newly enactedprovisions of Public Law 95-555, 92 Stat. 2076 Senate Bill 995 amendingTitle VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e?
According to your letter, the Oklahoma Teachers' Retirement System has been notified by Blue Cross and Blue Shield of Oklahoma that according to subsection (k), obstetrical and maternity benefits can no longer be subject to special provisions. As a result you are being requested to sign an agreement modifying the existing group plan which now provides coverage to approximately 700 retired teachers who have not reached the age of 65. This amendment to the contract would increase monthly premiums from $1.15 per month to $2.09 per month for this group of retired teachers who are not yet eligible to receive retirement benefits.
Your inquiry concerning the impact of Title VII, 701(k) Civil Rights Act on health benefits presently provided to these retired teachers under the age of 65 has been collaterally addressed in Attorney General Opinion Number 79-56.
Opinion No. 79-56, which was prepared in response to a request regarding the Oklahoma State Employee Group Health and Life Insurance Board and which subsequently was reiterated in response to a similar request by the State Department of Education, may be summarized as stating the following:
 By reason of decisions by the United States Supreme Court in Geduldig v. Aiello and National League of Cities v. Usery, states or their political subdivisions as employers are not constitutionally required to modify their health insurance programs to comply with Title VII, 701(k) of the Civil Rights Act.
While Opinion Number 79-56 does not specifically address the problems of Teacher Retirement System-sponsored health insurance programs, its conclusions, in our estimation, can be deemed applicable to the fact situation presented. The opinion will serve to determine that subsection (k), which would expand obstetrical and maternity benefits, does not require compliance by the Oklahoma Teachers' Retirement System. However, Opinion Number 79-56 draws on an interpretation of both the Commerce Clause and the Fourteenth Amendment to the Constitution, as well as related case law, to sustain its holding that neither congressional authority nor constitutional mandate are legally sufficient to require the inclusion of the State of Oklahoma within the scope of Title VII 701 (k).
When originally enacted, the provisions of Title VII exempted States or political subdivisions thereof in their respective capacities as "employers" as defined. Pub.L. 88-352, 78 Stat. 253 701(b). Effective March 24, 1972, Title VII was amended by Pub.L. 92-261, which deleted States or political subdivisions from their previously exempt classification. Since the Oklahoma Teachers' Retirement System is merely acting in the capacity of group sponsor and administrative agent, without separate contribution, and because the Retirement System is not offering the health insurance as a form of employee compensation, an especially germane consideration since the insurees are no longer state employees, the System is not an "employer" for purposes of Title VII, 701 (k).
It is, therefore, the opinion of the Attorney General that theprovisions of Title VII, 701(k) of the Civil Rights Act of 1964,42 U.S.C.A. 2000e, are not constitutionally applicable to the State ofOklahoma and its political subdivisions and that consequently theOklahoma Teachers' Retirement System is not bound to comply with theprovisions of subsection (k) with respect to those retired individualsunder 65 who subscribe to its group health insurance plan.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL